DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MARCEL SCOTLAND, )<br>)<br>Defendant. ) | Criminal Action No. 2014–004 |

**Attorneys:**
**Alphonso G. Andrews, Esq.,**
St. Croix, U.S.V.I.
 *For the United States*

**Eric S. Chancellor, Esq.,**
St. Croix, U.S.V.I.
 *For the Defendant*

## MEMORANDUM OPINION AND ORDER

**Finch, Senior District Judge**

 THIS MATTER comes before the Court on Defendant Marcel Scotland's Motion to Suppress (Dkt. No. 36) and the Government's Opposition (Dkt. No. 46). An evidentiary hearing was held on Defendant's Motion to Suppress on May 15, 2014. For the following reasons, the Court will deny the Motion.

      **I. BACKGROUND AND EVIDENCE**

 On February 6, 2014, the Government filed a three-count superseding Information charging Defendant with providing contraband in prison in violation of 18 U.S.C § 1791(a)(1) and (b)(1) (Count 1), possession of marijuana with intent to distribute in violation of 21 U.S.C §

1

841(a)(1) and (b)(1)(D) (Count 2), and violation of the Virgin Islands' Conflicts of Interest law, which prohibits territorial employees from incurring obligations in conflict with the proper discharge of their duties (Count 3). 3 V.I.C § 1102; (Dkt. No. 14). In his Motion to Suppress, Defendant seeks to suppress "all statements made by Scotland at the time of his arrest and prior to appointment of counsel," on the grounds that admitting the statements would violate his Fifth Amendment privilege against compelled self-incrimination. (Dkt. No. 35).

At the evidentiary hearing held on May 15, 2014, the parties presented evidence and arguments on Defendant's Motion to Suppress. Drug Enforcement Administration ("DEA") Special Agent Tracey Gardner and Agent Donnel Samuel testified for the Government. The Defendant did not offer any testimony. The following chronology was presented through testimony at the hearing, and is also set forth the Government's Opposition to Defendant's Motion. (Dkt. No. 46).

Early in the morning of January 31 of this year Defendant arrived for work at the Bureau of Corrections Golden Grove prison facility ("BOC") on St. Croix, U.S. Virgin Islands. Upon entry the on-duty corrections officer discovered rolls of what appeared to be marijuana, as well as other paraphernalia and food in a bag Defendant sought to bring into the facility. Defendant left the BOC and returned later in the morning, at which point he communicated with the BOC warden. The warden called Agent Samuel as well as another DEA agent, who were called to take custody of Defendant. When the agents arrived at the BOC facility, Defendant was in a holding cell. They arrested Defendant and transported him to the DEA office in Christiansted.

Agents Gardner and Samuel testified that Gardner read Defendant his *Miranda* rights prior to interviewing him at the DEA office later in the day. *See Miranda v. Arizona* 384 U.S. 436 (1966) (holding that failure to advise suspect in custodial interrogation of certain rights

under the Fifth and Sixth Amendments prior to interview renders any statements subsequently made inadmissible). The interview occurred in the DEA's conference room, around a large table. The two agents and Defendant were the only ones present during the interview. No weapons were drawn and no force was used. Agent Gardner testified that she read the *Miranda* rights from a small card that she uses in interviews. A copy of the card was offered into evidence. Defendant did not sign, and was not provided with, a written waiver of his *Miranda* rights. Agents Gardner and Samuel both testified that after Defendant was read his rights, he voluntarily agreed to speak with them about the incident. In his interview Defendant asserted that he did not know the bag contained marijuana. He also recounted information he had previously communicated to the BOC warden, as well as statements that did not relate to the conduct with which Defendant is charged.

     Agent Gardner testified that she sometimes offers to communicate with the prosecutor if a defendant provides information that is helpful to DEA efforts. She noted, however, that it is her practice to do so at the end of her interviews. Agent Gardner also testified that she has no authority to determine prosecutorial leniency, and that in this case she could not recall whether she made any such offer in the interview with Defendant. Agent Samuel did not verbally participate in the interview.

     Defendant challenges the admissibility of the statements made in his interview on two grounds. First, he asserts that he did not validly waive his rights under *Miranda* given that he did not waive in writing, and that he did not understand consequences of waiving. Second, he argues that his statements were induced by Agent Gardner's promising that Defendant could leave the DEA office the same day if he agreed to speak, and were thus involuntary. The Government challenges both assertions.

3

The Court finds that a written waiver was not required, that the evidence supports the validly of Defendant's oral waiver, and that his statements were voluntary. Accordingly, it will deny the Motion.

## II.   DISCUSSION

### A.  Defendant's *Miranda* Rights

The Fifth Amendment protects against coerced self-incrimination, and is of course a fundamental precept in American law and criminal procedure. *Weems v. United States*, 217 U.S. 349, 373 (1910). The exclusionary rule established in *Miranda* "serves the Fifth Amendment," and renders inadmissible any statements made by a defendant who—while being interviewed in a custodial setting—is not first advised of his right to remain silent and his right to counsel. *Oregon v. Elstad*, 470 U.S. 298, 306 (1985).

A defendant, however, may waive their rights under *Miranda* rendering the statements at issue admissible. "Once a defendant challenges the admissibility of any statements made while in custody, the government must prove that the defendant was advised of and understood the *Miranda* rights and that he or she validly waived those rights. If the prosecutor cannot establish both the warning and the waiver by a preponderance of the evidence, the statements must be suppressed." *United States v. Briscoe*, 69 F. Supp. 2d 738, 741 (D.V.I. 1999) *aff'd*, 234 F.3d 1266 (3d Cir. 2000). A waiver need not be written to be valid, it may be verbal. *See Berghuis v. Thompkins*, 560 U.S. 370, 384-86 (2010). Further, a waiver need not be express; it may be inferred from conduct such as speaking after *Miranda* warnings are given. *Id.*, 560 U.S. at 386.

A valid waiver of *Miranda* rights must be "knowing, voluntary, and intelligent." *Miranda*, 384 U.S. at 444. Waiver validity, whether express or inferred, requires that a defendant understand the *Miranda* warning and the rights referenced therein. *Briscoe*, 69 F.

4

Supp. 2d at 741. Determination of the validity of a waiver "has two distinct dimensions." *Colorado v. Spring,* 479 U.S. 564, 572 (1987) (quoting *Moran v. Burbine,* 475 U.S. 412, 421, (1986)). First, any waiver must be "the product of a free and deliberate choice rather than intimidation, coercion, or deception," and "must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *Spring,* 479 U.S. at 572 (quoting *Fare v. Michael C.,* 442 U.S. 707, 725 (1979)).

The Court looks to the "totality of circumstances surrounding [Defendant's] statement [to] determine if that statement was the result of a knowing, voluntary, and intelligent waiver." *United States v. Tyler,* 164 F.3d 150, 158 (3d Cir.1998). Defendant's background, experience, and conduct, as well as any indicia of coercion, may be persuasive in determining the validity of a waiver. *Briscoe,* 69 F. Supp. 2d at 741-42 (citing *Oregon v. Bradshaw,* 462 U.S. 1039, 1046 (1983)). The Government bears the burden, by preponderance of the evidence, of proving the validity of a defendant's waiver of *Miranda* rights. *Colorado v. Connelly,* 479 U.S. 157, 168–69 (1986).

Defendant argues that his statements to Agent Gardner should be suppressed on the grounds that no written waiver exists and that any verbal waiver was invalid. The Court takes each argument in turn.

### 1. Whether Defendant Was Advised of his *Miranda* Rights

At the suppression hearing, Agents Gardner and Samuel both testified that Defendant was advised of his rights after booking and prior to the interview's commencing. Agent Gardner testified that she read Defendant his *Miranda* rights from a card, as is her practice. The advisement, as printed on the card, concludes with the question "Do you understand?" (Gov. Ex. 5). Both Agents testified that after the advisement of rights, Defendant was asked whether he

would be willing to answer some questions and speak with Agent Gardner. Defendant then repeated the information he gave to the BOC warden, answered questions, and made several additional statements. Agent Gardner further testified that she advised Defendant of his rights and conducted the subsequent interview in English. Defendant did not offer any evidence or otherwise establish that Agent Gardner did *not* verbally advise Defendant of his rights prior to the interview, or that Defendant does not understand English. The Court finds Agents Gardner and Samuel's testimony credible, and finds that Defendant was advised of his rights pursuant to *Miranda.*

### 2.  Whether Defendant Waived his *Miranda* Rights

Defendant's statements are admissible only if he validly waived his *Miranda* rights after receiving the advisement.  A waiver must be knowing, intelligent, and voluntary. *Tyler,* 164 F.3d at 158.  Defendant contends that there was no valid waiver because he was never presented with a written waiver, he may not have understood the consequence of waiving, and the statements were involuntary as they were the product of coercion.

As a matter of law, a written waiver is not required in order for a defendant to validly relinquish *Miranda* rights.  *See Berghuis*, 560 U.S. at 386.  "[T]he law can presume that an individual who, with a full understanding of his or her rights, acts in a manner inconsistent with their exercise has made a deliberate choice to relinquish the protection those rights afford." *Id.* Accordingly, a verbal waiver or conduct consistent with waiver is sufficient to constitute a waiver of *Miranda* rights.  Here, Defendant indicated his willingness to speak with the Agents by actually doing so after he was advised of his rights.  The Court finds that Defendant's conduct was sufficient to constitute an inferred waiver, and that a written waiver is not required as a prerequisite for admissibility of his statements.

6

The Government also bears the burden of proving Defendant understood his *Miranda* rights and the consequences detailed in the advisement. The Court will consider Defendant's "background, experience, intelligence . . . and conduct" in determining whether he understood the consequences of waiver and thus whether the waiver was knowing and intelligent. *Moran,* 475 U.S. at 421. Here, the Government offered into evidence the Defendant's high school diploma, certificate of completion of a Microsoft Excel two-day training course, results of Defendant's examination to become a BOC employee, and the oath of office Defendant signed upon commencing his work with the BOC. (Gov. Ex. 1-4). Defendant did not present evidence that he does not speak English or that he was incapable of understanding Agent Gardner's recitation. Taking into account the evidence of Defendant's educational background, English literacy, computer skills and professional familiarity with the BOC and criminal justice system, the Court finds the Government has sufficiently proven Defendant's understanding of the rights and consequences presented as part of the verbal *Miranda* warnings. The Court finds his waiver was thus intelligent and knowing.

Defendant argued at the suppression hearing that his statements may have been induced by a promise of leniency or an immediate release from custody, and were thus involuntary. "The criteria for assessing the voluntariness of [Defendant's] waiver of his *Miranda* rights are the same for determining the voluntariness of statements generally." *Briscoe,* 69 F. Supp. 2d at 742; *see* discussion *infra at* II.B,. The Court again looks to the totality of the circumstances: a statement made in response to coercive or deceptive police activity may be considered involuntary. *See Withrow v. Williams,* 507 U.S. 680, 693 at (1993); *Culombe v. Connecticut,* 367 U.S. 568, 602 (1961). Here, there was simply no evidence presented that Defendant was intimidated, coerced, induced or deceived in some way. While Agent Gardner testified that she

may on occasion offer to speak with a prosecutor to a defendant's benefit, there is no indication she did so in this case. Further, she testified that her practice is to offer to speak with a prosecutor—if at all—at the end of an interrogation, once she has determined the helpfulness of an interviewee's information. In the absence of any evidence of inducement or coercion, the Court declines to find Defendant's statements involuntary. The Court thus finds Defendant validly waived his *Miranda* rights and the statements made in his interview with Agent Gardner will not be suppressed.

### B. Voluntariness of Defendant's Statements

Defendant also challenges the admissibility of his confession and statements on the basis that they were the involuntary product of inducement or coercive conduct by law enforcement. The Court determines voluntariness by the totality of the circumstances, including whether the element of police coercion is present. *Withrow,* 507 U.S. at 693. Title 18 U.S.C. § 3501(b) sets forth a non-exhaustive list of factors a court may use in determining voluntariness: (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession. *See Briscoe,* 69 F. Supp. 2d at 743.

Here, there is no evidence of coercion or inducement on Agent Gardner's behalf. *See* discussion *supra,* II. A.2. The Court thus finds no coercive element that may render Defendant's

confession involuntary. The § 3501(b) factors also militate in favor of voluntariness in this case. Defendant was arrested, interviewed, and appeared for his initial appearance in Magistrate Court the same day. Defendant was aware of the nature of the offense with which he was charged, as evidenced by his turning himself into the BOC and subsequent arrest. He was advised that he was not required to speak, that any statement could be used against him, and that he was entitled to counsel, pursuant to *Miranda*. Finally, with regard to factor five above, while Defendant did not have counsel present during his interview, he validly waived that right. *See* discussion*, supra.* The Court thus finds that Defendant's statements were voluntary and will not order them suppressed.

### III.   CONCLUSION

For the foregoing reasons, the Court finds that Defendant was advised of his *Miranda* rights, validly waived those rights, and that the statements made in his interview were obtained voluntarily.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Suppress (Dkt. No. 36) is **DENIED.**

**SO ORDERED.**

Date:  May 22, 2014              _____/s/_____
                                 RAYMOND L. FINCH
                                 Senior District Judge